UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

LISAIDA TERRERO HASTIE,

Petitioner,

v.

No. 1:26-CV-00201-H

WARDEN, BLUEBONNET DETENTION FACILITY,

Respondent.

**ORDER**

Petitioner is a native and citizen of Cuba. Proceeding pro se, she filed a 28 U.S.C. § 2241 habeas petition to challenge her prolonged immigration detention pending the outcome of her appeal of an immigration judge's November 24, 2025 removal order, which remains pending before the Board of Immigration Appeals (BIA).[1] Dkt. No. 5. Proceeding pro se, she seeks release on supervision or a bond hearing.

Respondent filed a response and relevant records, arguing that the Court should deny the petition because Petitioner fails to demonstrate that her detention violates the Constitution or laws of the United States. Dkt. No. 10. In particular, Respondent argues that, even though Petitioner was present in the United States when ICE detained her, under the binding precedent recently established by the Fifth Circuit in *Buenrostro-Mendez v. Bondi*, Petitioner is nevertheless deemed an "application for admission" for purposes of 8 U.S.C. § 1225(a)(1) and, therefore, subject to mandatory detention without bond under Section 1225(b)(2)(A) for the duration of her pending removal proceedings. Dkt. No. 10 at 2–3; *see Buenrostro-Mendez v. Bondi*, 166 F.4th

[1] The Court takes judicial notice of public case information available on the U.S. Department of Justice Executive Office for Immigration Review website. *See* https://www.justice.gov/eoir/board-of-immigration-appeals (last visited August 19, 2026).

494, 502 (5th Cir. 2026). Additionally, Respondent argues that Petitioner's due process claims have no merit, and that her claim that her continued detention causes her distress and interferes with her ability to prepare a defense in immigration court is not cognizable in habeas review. *Id.* at 3–4.

In her reply, Petitioner does not attempt to refute the factual and legal contentions asserted by Respondent in its response, acknowledging that "[she] entered the United States without formal admission." Dkt. No. 11. Instead, Petitioner argues that her continued detention, even though it may be lawful, is unnecessary because she does not pose a flight risk, has a strong family support system in the United States, and is willing to cooperate with any supervision conditions imposed by the government.

The Court has reviewed the parties' pleadings, relevant records, and applicable law. For the reasons stated in Respondent's response, the Court concludes that Petitioner fails to demonstrate that her detention is unlawful and, in turn, fails to demonstrate that she is entitled to any of the relief that she seeks in her petition. Petitioner's petition is therefore denied.

Petitioner's motion for the Court to expedite its consideration of her petition is dismissed as moot. Dkt. No. 12.

So ordered.

The Court will enter judgment accordingly.

Dated August 20, 2026.

JAMES WESLEY HENDRIX
United States District Judge